All right, we'll hear our third and final case, in re, Jason Edward Rheinstein or Mr. Rheinstein. I hope I pronounced your name correctly. As a very preliminary matter, Your Honor, I actually had motions to use physical exhibits today, just as visual aids to point to a colored book, because I don't think that I could do it justice by just giving you a page reference. Mr. Rheinstein, we did consider that motion and the court has denied the motion. We have the J.A. in front of us and you can point us to the sections of the J.A. So come on up and make your argument. I'm sorry about that. I'm sorry. Counsel? Hold on. I had it in my hand, but I... I'm sorry. Counsel? Yes. Can you please put a microphone cover on? There's extra there next to the podium. What was that? A microphone cover. Oh, okay. Thank you. Good morning, Your Honors. May it please the Court, my name is Jason Rheinstein and I'm honored and proud to be here this morning to explain to you why the disbarment judgment in the Maryland case, which was based upon an amended set of allegations, first appearing in a 72-page pleading referred to that I may call the draft opinion, to which the appellant never had any meaningful opportunity to respond, should not be accepted by this court as the basis for imposition of reciprocal discipline. I'd like you to consider, please consider the following analogy. Imagine a basic hypothetical scenario. There's a case in which the defendant is alleged to have driven negligently on Monday. The defendant is defaulted and deemed to have admitted the allegation that he drove negligently on Monday. After the default, the opposing party tacks on a new allegation that the defendant also drove negligently on Tuesday. The defendant's provided no trial and the opposing party offers no proof with regard to its allegation regarding Tuesday. Nonetheless, based upon the erroneous proposition that the new Tuesday allegation had been covered by the deemed admissions, the court proceeds to find the defendant culpable of driving negligently on both Monday and Tuesday and then imposes a judgment based upon the totality of its findings, i.e., that the defendant was culpable of driving negligently on Monday and Tuesday. I'd ask the court to consider whether there's a problem there, and I proffer, Your Honors, that there is. It's a fundamental constitutional principle that unless a party waives or forfeits his rights, he's entitled to notice an opportunity to defend before judgment is entered against him. The Supreme Court has indicated forcefully that even in civil case involving a sophisticated corporate party, the rudiments of due process, notice of charges, and a fair opportunity to be heard are not lightly presumed waived, and that was in D.H. Overmyer v. Frick at 405 U.S. 174-186, quoting Ohio Bell Telephone Company v. Public Utility Commission 301 U.S. 292. We do not presume acquiescence in the loss of fundamental rights. Waivers and forfeitures are construed narrowly. The constitutional protections and aforementioned principles are even more so true in quasi-criminal cases such as the one at hand than they are in civil cases. And I'd cite this Court to Ruffalo at 390 U.S. 544-1968, In re. Williams, 464A2D-115-119, D.C. 1983, and In re. Pearson, 628A2D-9499, D.C. 1993. What happened in this case is largely analogous to the hypothetical scenario about the Monday and Tuesday driving allegations that I described above. No trial occurred and no evidence was introduced in the Maryland case. Do you need to get some water, sir? Is that where you're? No, thank you. Feel free. Mr. Reinstein, can you – I don't know that we necessarily have any disagreement on the general principles here, so maybe the best course for you is to give us your best example of where the Court actually made findings of fact beyond those that were admitted. Yeah. And so that's what I – that's actually why I had asked, and I apologize again, Your Honors, for filing a motion on Monday night, or Tuesday night, rather, about the demonstrative exhibits for today. I had actually looked to Federal Rule Appellate Procedure 34G for guidance, and it doesn't read as if a motion is required. It reads as if it's at the discretion of counsel, and there was no local rule that I could find that provided additional guidance on that. It just says, if you wish to do it, make arrangements ahead of time. No, I appreciate that. I think we can get the gist of it if you'll point us to where you're going. So, okay, well, the demonstrative exhibits that I would have shown, and I'll just give you the examples then. The excerpt from the Maryland Charging Document at page JA-124, paragraph 64. This shows the only averment that had been deemed admitted regarding the COSA opinion. On November 17, 2014, the Court of Special Appeals filed an unreported opinion, Imagine v. Moore. The circuit court reversed the circuit court finding and remanded the case for further proceedings. Now, let me tell you what the Maryland decision said about the COSA opinion. At page JA-57, in November of 2014, the Court of Special Appeals filed an unreported opinion, Imagine v. Moore, September term 2011. That tracks what I just read you that was part of the admitted averments. But this is where it goes off the rails into new allegations. Rejecting and all of respondents' arguments, which, according to the admitted averments, the court found to have no merit. The court rejected the respondents' arguments in support of the motions to dismiss, finding his legal theory to be mistaken. The court found that the mourners had adduced no evidence to support their theory on the merits of the case and concluded the respondents' arguments to have no merit. In a footnote, the court cautioned the respondent for filing a brief in violation of Maryland Rule 8503D. None of that stuff that I just read you was part of the admitted averments. But the Court of Appeals didn't entertain any challenge to it in Maryland because they erroneously thought that it was. It was like that allegation about negligent driving on Tuesday that's tacked on later. As I showed in the appendix to the reply brief, the three sections, the draft opinion in this case, which is a pleading that was filed at 333 p.m. on Monday, July 9th, 2019, the only thing I was allowed to do to respond to it was offer oral argument beginning at 9 a.m. on Wednesday morning. A 72-page intricate document. The three sections entitled conclusions of law or, excuse me, findings of fact, conclusions of law, and aggravating factors, those three sections which are the ones that materially got adopted with no evidence by the court in Maryland or no trial, had 121 new allegations in addition to the 67 that were originally covered in the Maryland charging document. And that's the document, by the way, at JA 108 to 106. That's the Maryland charging document, 126. The Maryland charging document is very significant in this case. This case did not involve requests for admissions that were defaulted on. Most of these default disciplinary cases, the defaulting party doesn't just waive the right to defend the allegations of the original complaint. They waive the right to defend everything that was in requests for admissions and genuines of documents that went unanswered. So oftentimes, so the realm of the scope of the waiver of due process rights or forfeiture is much larger. So then the opposing party can come in and say, oh, you're guilty of all this based on, and the deemed admissions, which are now evidence, are everything that was in the charging document originally plus everything that was waived in the request for admissions that were deemed admitted. There were no requests for admissions in this case. This makes it very unique. So the Maryland charging document, that 19-page document with the 67 paragraphs therein, that's at JA 108 to 126, it represents the full boundaries, the maximum boundary of deemed admissions, of things that were capable of being used to draw legal conclusions without giving me a trial. I just read to you one of the, from what was new allegations in the proposed findings document. The proposed findings document, in addition to the 121 new allegations in the three sections I referenced, and by the way, all of them are highlighted yellow in Appendix A to the attachment to the reply brief. Mr. Reinstein, let me ask this. Are you saying that, and I get the point that you're making here, but there was also some evidence in the record of post-charging activity or behavior on your part that obviously could not have been part of the original charging document. That's exactly right. So what about that? There was no evidence about it. I never had an opportunity to defend it. I didn't admit anything on those allegations. Those are like the things on Tuesday. There was no evidence introduced. There was nothing. In fact, the Attorney Grievance Commission of Maryland, I wanted to show you their admission on page JA 176, second-to-last line. No evidence was admitted in the disciplinary hearing in Reinstein. This letter was dated September 11th, 2020. This is an admission of the AGC. The Maryland courts purported to decide this case exclusively on deemed admissions of the affirmance of the Maryland charging document. But what I'm saying is they didn't actually. The case, I was not disbarred based upon — I was not found guilty of misconduct and disbarred on the basis of deemed admissions of the original allegations of the Maryland charging document. I was found guilty of misconduct and disbarred on the basis of an amended set of allegations that appeared for the first time in the draft opinion filed after the decision to default me had already been made. In addition to covering the original 67 allegations of the Maryland charging document, the draft opinion had incorporated, like I said, 121 new allegations, almost all of which were accepted in the sections that were adopted by the court. And I refer you to Appendixes A and B to the attachment to the reply brief. I literally itemize each one in a table. So they're highlighted for you as a visual in Appendix A, and they are listed numbers 1 to 121 in the table in Appendix B. Appendix C to the attachment for reply brief shows the referee's opinion for Maryland. And it says that it was wholly based upon the deemed admissions, but it shows all of the yellow is stuff that wasn't really covered by the deemed admissions. There was no evidence. That's the infirmity of proof. That's the primary infirmity of proof argument in this case. Ms. Wallace will say, oh, well, the Court had agreed to take judicial notice of some document. The judicial notice process was never completed. There was never, first of all, and that's the basis for my motion to request records, it will establish that those, there's no judicial notice request was never entered into the Maryland court record. That was not transmitted to the court of appeals. That was not part of their decision. Ms. Wallace would have had to ask that certain facts from those documents. It's not a question of asking about the documents. The judicial notice process requires that you say, you set forth the facts you're seeking to have noticed, and the Court can notice them if, you know, the party, the opposing party is entitled to a hearing as to the propriety for doing so either before or after the facts are noticed. But no facts, specific facts were noticed, established through that process. So I guess the problem is, and by the way, the Court does it sui sponte. The Court is required to inform the parties that they took judicial notice of facts and provide an after-the-fact hearing on the propriety. And I'd ask you to look at Maryland Rule 5201E and Federal Rule of Evidence 201E. Just getting back to what I was talking about, I've found guilty of misconduct to disbar it on the basis of a mandated set of allegations. So the 67 allegations of the original thing and the 121 new ones. And, Your Honor, you rightfully pointed to, there is a host of allegations about events in 2017, and all that stuff is not covered by the admitted affirmance. My proffer for you is I was entitled to a trial on that. That's the due process violation. That's the problem. It's not the primary problem. It doesn't matter whether I was the most egregious discovery violator in the world, which I assure you I wasn't, but we don't have to go there in this case because this case is about whether or not once you defaulted a party and you amend the allegations, the party gets to a chance, still retains its rights to defend the new stuff. And the totality of the circumstances — Roberts. Mr. Reinstein, I'll just let you know your light is on. You've got some rebuttal time, so — Okay. Well, I'll finish my thought. I guess I will save everything here for rebuttal. Thank you. Thank you, sir. Ms. Lawless. Good morning. May it please the Court. Lydia Lawless, Court-Appointed Amicus Counsel in this matter. I'd like to just back up a little bit for the procedural history leading up to the July 1st and the July 10th hearings that were held in the Circuit Court for Anne Arundel County in 2019. It begins on June 27th, 2019, when the hearing judge in the disciplinary case ordered sanctions for the first time. That order of sanctions was based on a motion for sanctions that had been filed in July of 2017, a second motion for sanctions that had been filed in the summer of 2019, and a supplement thereto. In ordering sanctions, the hearing judge found that Mr. Reinstein had failed to comply with his discovery obligations and found that sanctions were warranted to the extent of striking the answer that had been filed, deeming the admissions admitted, precluding Mr. Reinstein from offering any evidence at the hearing that was contrary to the admissions or otherwise, and precluding him from presenting any evidence in mitigation. And in Maryland, the disciplinary proceedings are not bifurcated as they are in some jurisdictions. In Maryland, you have one hearing, both on the charges alleged. Bar counsel at that hearing has the obligation to prove any aggravating factors, and at that same hearing, a respondent attorney is obligated to present any mitigating factors. Mr. Reinstein was precluded from presenting any evidence. But to the point that I think I understand that background, and I think, you know, while there might be a dispute about the sanctions things that Mr. Reinstein would disagree with, he seems now to be not really challenging that as much as accepting that he could be sanctioned for admitting everything in your petition and not introducing any evidence contrary to that. That doesn't allow there to be findings beyond that that form the basis of his disbarment. And he points to 121 allegations. So what's your response to his position that you've gone beyond what the sanction was and not given him an opportunity to respond to it? Yes. So the judge's order in issuing sanctions said, a hearing will be held on argument on proposed findings of fact only. There will not be an evidentiary hearing. And this is within the framework of the Court of Appeals of Maryland in the Thomas case that's cited in the papers to say that where there is a default and where our verments are deemed admitted, there is no need for an evidentiary hearing. I have not forgotten your question, Your Honor. I'm getting there. And so what happened was we appeared for the hearing on July 1st. And at that hearing, because it was specifically ordered that it was not an evidentiary hearing, both parties appeared and asked the court to take judicial notice of certain documents. And petitioners' requests for judicial notice consisted of docket entries from the myriad of underlying matters in this case and from the federal removal cases of the disciplinary case and the docket entries from this court of the appeal of the removal of the disciplinary case. Those facts are not in dispute. Those are clearly things that the court can take judicial notice of, the procedural posture, what was filed, when it was filed, and what court it was filed. The other documents that petitioner requests that the court take judicial notice of. Can I stop you there for a second? Yes, Your Honor. Are those documents that you say were taken, records, were taken judicial notice of the ones that Mr. Reinstein says otherwise? Is that? Those documents that were taken judicial notice without objection and without limitation, Your Honor. So when he says that the court failed to take judicial notice, that's just not supported by the record? That's correct. And my understanding of his argument is that he believes that the court took judicial notice of the document to say this document exists, but not judicial notice of every single thing that was contained within the document. There is no dispute that the court took judicial notice without objection and without limitation of those 11 exhibits offered by the petitioner. They were marked in the record. Why is that in the JA? It is, Your Honor. It is at 1041, I believe. It was at the July 1, 2019 hearing, if that site is incorrect. It was at that hearing. Counsel, just to follow up on that, is it your position that the 121 alleged new allegations or pieces of information that are in the findings of fact all stem from documents the court took judicial notice of without objection? Correct. And reasonable inferences that were drawn then from the record before the court, which consisted of the petition with the admitted affirmants, the 11 documents judicially noticed, and the inference drawn therefrom. And so there were the ---- Maybe that's the issue. I mean, I'm not ---- So if a court draws inferences from a document, and I'm not contesting the reasonableness of that, but if the court draws inferences from documents and uses those as part of the basis for a suspension or disbarment, is it your position that sanctions based on events earlier can prevent the respondent from having an opportunity to address those inferences? This issue was addressed specifically by the Court of Appeals. But we have ---- I mean, I don't mean to ---- Well, let me finish that answer. Yeah, there was no due process violation in this case. There were ---- And if I could direct your attention to the ---- So there were the docket entries that were taken judicial notice of, and then the other documents that were taken judicial notice of was the unreported opinion by the Court of Special Appeals and the opinion dismissing the first key TAM action that was issued by Judge Blake of the U.S. District Court. But if there are inferences drawn from documents that form the basis of a disbarment and the respondent doesn't have the opportunity to respond to them, I mean, you claim there's not a due process violation, but why is that not a due process violation? Because an inference, Your Honor, is formed by every fact finder in every case. You know, I mean, when you're talking about questions of knowledge, when you're talking about questions of intent, it is always circumstantial evidence or almost always circumstantial evidence to say that he knowingly filed a frivolous filing. That is demonstrated by the totality of the circumstances, whether it be the documents that are admitted and judicially noted or whether it's the testimony of the witnesses. And that may be a valid conclusion. I guess what I'm having trouble with is not giving someone facing disbarment the opportunity to respond to the reasonableness of the inferences that are drawn from that. I think to that point, Your Honor, the inferences were very few and far between. And the inferences generally went to what the aggravating factors were as determined by, in the first instance, the hearing judge. I thought the 121 new allegations he's talking about came from this judicial notice set of documents. I thought that's what I heard you say. That's correct, but those are not inferences. Those were either established facts about what was filed when as evidenced by the docket entries or they were adjudicated factual findings or conclusions of law that were adjudicated. So he's calling them 121 new allegations when, in fact, I guess it's your position that they were not all allegations or inferences, but that the majority of them were actual fact based on the documents that he didn't object to. That's correct, Your Honor. That's correct, Your Honor. And they all go to support facts that were charged in the original petition. So it's a notice pleading, and then there was some meat put on it with these additional documents of which the court took judicial notice. So there are no new allegations. And what he claims was this draft opinion was proposed findings of fact and conclusions of law that were filed by a party in the case. It is not a draft opinion by the hearing judge. There was an argument on that document, on the proposed findings of fact and conclusions of law. That argument was held on July 10th, 2019. And counsel for Mr. Reinstein of that argument specifically said this case either needs to be limited to the allegations in the petition plus the 11 documents taken, you know, that the court took judicial notice of, or as they wanted, the entire record of every single underlying case should come in for the court's consideration. And what the hearing judge said was you lost the ability to do that because you lost the ability to put on a defense. So our record is limited. It was absolutely clear. Everybody understood that the hearing judge's findings of fact that were issued in this case were based on the totality of the charging document, the judicially notice documents, what was contained in the judicially notice documents, and the reasonable inferences drawn therefrom. There were no new charges. There were no new allegations. Mr. Reinstein was not found to have violated a single rule of professional conduct to which he was not charged. I think that the rules in the request for relief in the petition are the same rules that are the highlighted or the headings in the findings. So it's the same rules of professional responsibility? Absolutely, Your Honor. Absolutely. So the petition was filed in February of 2016. It was never amended. The proposed findings of fact that were submitted by the Attorney-Grievance Commission outlined the support for each of those rule violations as charged, withdrawing one of the charges where there wasn't sufficient information in the record to support it. The Court of Appeals of Maryland, in its de novo review of the conclusions of law, found that the record supported each of the charges as charged in the petition. And to Your Honor's question about there was conduct that took place after the petition was filed that couldn't have been charged in the petition, there are certainly findings as it relates to that. Those findings are not part of the basis of any rule violation. Those findings go specifically to aggravating factors that were alleged in this case and found by the Court of Appeals. And the Court of Appeals has recognized, much like every other disciplinary authority across the country, that obstruction of disciplinary investigation or disciplinary proceeding is an aggravating factor, and engaging in dishonest or deceitful conduct during the disciplinary proceeding is an aggravating factor. So where there is discussion in the Court of Appeals' opinion related to Mr. Reinstein's post-charging conduct, those discussions are simply go to the aggravating factors. They're not part of the original charges. So there is no due process violation. There is no notice deficiency. And he was provided an opportunity to be heard, and he lost that opportunity based on his extensive pattern of obstruction, dishonesty, and failure to comply with the rules. Was he, in terms of process, it sounds like in addition there was a hearing in the Maryland Court of Appeals about the proposed findings, in fact. Now, he challenges the amount of time given the length, but am I correct that there was, in addition to the process that he may have lost via the sanctions, a process where he was permitted to respond to the findings of fact that were presented? He was not prohibited in any way from responding. So the proposed findings of fact were filed by the commission. He had argument on the proposed findings of fact. That was on July 10, 2019, in the circuit court. The hearing judge in the circuit court filed his findings of fact. In the Maryland disciplinary system, all of the findings of fact go up to the court of appeals. It's not an appeal that needs to be taken or otherwise. The court of appeals has original, complete jurisdiction over attorney disciplinary matters. So as a matter of course, the record goes up to the court of appeals. The court of appeals reviews findings of fact under an abusive discretion, or clearly erroneous standard, rather, and reviews all conclusions of law de novo. Mr. Reinstein filed, I think it was 155 pages of exceptions to the hearing judge's findings of fact and conclusions of law. He had a full opportunity to be heard. The matter was scheduled for oral argument in the court of appeals. He was represented by counsel both in his post-trial submission, his exceptions, as well as at oral argument in the court of appeals. He was afforded the full 30 minutes as is permitted by that court. He had every opportunity to be heard. And any deficiency in the record is due to his own misconduct as found by the U.S. District Court in ordering reciprocal disbarment there. If there are no further questions, I would ask the Court to affirm the rulings of the U.S. District Court and to enter an order reciprocally disbarring Mr. Reinstein. Thank you, Your Honors. What Ms. Lawless just postulated for you about judicial notice is simply not possible under Maryland law, and that did not happen. I will, a particular import, quote, Maryland Rule 5201 is not a vehicle for the admission of probative evidence, but rather a means by which a court can quickly establish incontrovertible facts. You can't judicially notice things like I pursued the appeal to this Court in the prior case in the removal litigation to delay the proceeding. She's trying to say, oh, well, I'm not entitled to put on evidence that I didn't do that, because if they find that, which they did, and then they use that as a basis to disbar me that factors into the ultimate judgment, it's the cumulative total of — Did you object to the judicial notice of those documents? No. Yes. Well, excuse me. I object — I wouldn't have had any reason to, Your Honor, because nobody was asking that any facts be found from those documents. The law says that taking judicial notice of the documents — Well, the documents that you want us to take judicial notice of, do you want us to find facts in those documents? Yes, but I've actually given the facts. Okay. Go ahead. Okay. The — I'm sorry. I didn't mean to interrupt you. That's fine. You go ahead. Okay. So you did not object — to go back to the question, you did not object to the documents to the judicial notice of the documents that opposing counsel mentioned, from which she says the 121 allegations were drawn. Is that correct? You did not object? I wouldn't — I had no reason to object to that, Your Honor. Yes. I understand you're saying you had no reason to object, but you agree you did not object? I did not — no. I do not agree with her that I did not object. I do not agree that it was ever before the court. The only thing she asked the court to do was take judicial notice of the fact that these things existed. I would refer you to Abrishamian v. Washington Medical Group at 216MDF 386-416, which is noticing court filings. Could you refer me to the joint appendix where you say you did not object to that? What's that? Where in the record is it that you — that you objected to it? I'm sorry. Oh. I — what I didn't object to was the court noticing the fact that these documents existed. Right. So where is that in the record? That — that would be in the transcript of the July 1st hearing. She did not ask the court to take judicial notice of any facts from those documents. She did not ask — judicial notice cannot be used to establish the truth of the matters asserted in, like, a court opinion because they're not incontrovertible facts. What you take judicial notice of is the fact that the document exists, not the fact that what they say is true. When she never moved the documents into evidence, it wasn't like she's saying, I'm motioning to move this into evidence for all purposes. There was no — it would not — nobody would have had any reason to even believe that these would be subsequently tried to use them as if it was, you know, they had been introduced as evidence in an evidentiary proceeding and so on and so forth. There's case law, it says. Noticing court filings does not mean accepting what they say is true, only that they exist as public records. Kagan, what's the case law? 216MD Act 386, 416. I would also refer you, Your Honors, to AU v. E.P. at 2020 Westlaw, 1922, 493 at Star 5, Court of Special Appeals of Maryland, April 21st, 2020. The judicial notice rule is a plot — excuse me — Maryland Rule 5201 is not a vehicle for the admission of probative evidence, but rather a means by which a court can quickly establish incontrovertible facts. It specifically states in that that the court cannot take judicial notice of — in AU v. E.P., you'll see, it's a court cannot take judicial notice of the facts that is true. So the Court of Special Appeals, for example, rules against me. That doesn't mean that the ruling is correct or the facts stated therein are correct. Nobody would believe she never represented to the court that she was trying to introduce these for the purposes of, like, that everything in them is true. Of course I would have objected to that. I wasn't on notice that that was something that was intended. That wasn't the process. That process doesn't — doesn't work like that. And it's no surprise. The court — Maryland courts did not decide this case on if anything had been decided by judicial notice. Ms. Lawless proposed in her proposed findings of that document that Judge Clavins actually adopt language saying that he had taken judicial notice and that that was a basis for findings that were made. Judge Clavins did not adopt that language. If he had taken judicial notice or had used facts that were judicially noticed in his opinion, he would have done so. So the — I didn't — I don't have any objection to the court knowing, yes, these documents exist, but I certainly would have an objection to the facts that — to the notion that, oh, the fact that a court takes judicial notice of the document means every single fact is established that's stated in that document. That is not the law in judicial notice. I talk about this in my reply brief and also in my papers. I have the new motion, the renewed motion to request records. You will find that that never made it into the Maryland court record. That was never even transmitted to the Court of Appeals of Maryland, that judicial notice request. That's why I've asked this Court to get the entire record from the Court of Appeals of Maryland. Let me — in my final minute, you asked me to point to other instances where, you know, I was charged and then things changed. At pages JA-84, JA-86, 87, they said, Reinstein misrepresented — they were disbarring me on the primary assertive basis. I misrepresented facts to Judge Brown in the circuit court in an effort to intimidate my opponents. I'd also point you to page JA-92. Ms. Wallace's sworn interrogatory response. Question. Identify each and every misrepresentation or false statement that you allege was made by the Respondent and which you intend to prove at trial in support of your allegation that the Respondent violated MRPC 8.4c. Answer. Petitioner does not allege that the Respondent made misrepresentations or false statements, period. Never did they allege I made misrepresentations and false statements. What happened was — and if you look at my briefs, you'll see that Judge Brader at the district court read language into the allegations of the Maryland charging document that weren't there. She did not allege that there was a nonexistent federal investigation. She didn't allege whether it existed or didn't exist. And it could not reasonably be inferred either way because they're equally possible inferences. So that would require the fact finder to speculate. The reason she didn't allege that it was nonexistent is because she knew that there was actually a pertinent investigation. So that's — that's, you know, Judge Brader, when he read the allegations, he read it as if Bar Counsel — and I've put it in red in my brief. Bar Counsel had actually averred things they never averred. Had they actually averred the things Judge Brader said they did in his motion for — order on the motion for reconsideration, this would — that part would be a different case. But these new allegations also were not all covered. There's stuff in there that wasn't even supported by the 11 documents that Ms. Lawless is claiming. For example, the notion that the private fraud action complaint alleged $17 million in damages, that's nowhere in anything that's in the documents she's talking about. It's — it's not in — Mr. Reinstein, you're over your time. So, thank you very much. Thank you. Thank you, sir. All right. We appreciate the arguments this morning on — we typically would come down and greet both of you. We can't do that today, obviously. Ms. Lawless, I want to thank you for taking on the court assignment. And with that, the court will stand adjourned. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Albert Diaz, Stephanie D. Thacker, A. Marvin Quattlebaum Jr.